UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS, KODEY MILLS, ELMER MILLS,

        Plaintiff,

    -v-

BRIAN FISCHER, JOHN B. LEMPKE,
Correction Officer FEDORA,

        Defendants .

09-CV-0966A

ORDER



---

### INTRODUCTION

Plaintiffs, Richard Mills, an inmate at the Five Points Correctional Facility, his father, Elmer Mills, and his "minor" son, Kodey Mills, have filed a complaint and first amended complaint, *pro se*, under 42 U.S.C. § 1983 alleging that defendants Brian Fischer, the Commissioner of the New York State Department of Correctional Services ("DOCS"), John B. Lempke, Superintendent at Five Points, and Fedora, a correctional officer at Five Points violated their constitutional rights when on October 12, 2009, Elmer and Kodey Mills attempted to visit Richard Mills at Five Points but Kodey was denied a visit by Fedora because he did not have "proper identification." (Docket No. 4, First Amended Complaint, ¶ ¶ 10-18). Plaintiffs allege that correctional officer Fedora relied on a Five Points Policy and Procedure (16.1), signed by Lempke, to deny Kodey a visit with is father because Kodey had no identification. (*Id.*, ¶ 17). Plaintiffs claim that Policy 16.1

is inconsistent with both Section 200.3[a.1.iii] of Title 22 of the New York Code of Rules and Regulations (N.Y. COMP. CODES R. & REGS), and DOCS Directive 4403[V.A.3], which both provide that "[a]bsent any other credible determination, and adult approved to visit may vouch for the identification of a minor."

Plaintiff Kodey Mills, as a minor, has filed an application to proceed *in forma pauperis*[1] and for the appointment of counsel (Docket No. 2). A filing fee of $350.00 has been submitted by Elmer Mills and, while only one filing fee is required, Kodey's motion to proceed *in forma pauperis* is not moot inasmuch as he may be entitled to other "benefits" of proceeding *in forma pauperis*, including service of process and appointment of counsel. *See* 28 U.S.C. § 1915(d)-(e). Accordingly, Kodey's motion to proceed *in forma pauperis* is granted but, for the reasons set forth below, his application for counsel is denied and before he may proceed herein he must retain counsel to represent him. If he does not inform the Court by April 1, 2010, that he has retained counsel and whom that counsel is, he will be dismissed as a plaintiff in this action.

Plaintiffs had also moved for an order directing service by the United States Marshals Service (Docket No. 3), but on January 5, 2010, Richard Mills submitted copies of three Waivers and

---

[1]Richard Mills is an inmate who has garnered "three strikes" pursuant to 28 U.S.C. § 1915(g) and therefore would not have been entitled to proceed *in forma pauperis* unless he could establish he was "under imminent danger of serious physical injury." *Id.*

Acknowledgments of Service, pursuant to Fed.R.Civ.P. 4(d), and certified that he had forwarded them to the defendants herein. (Docket Nos. 5-7). Accordingly, the motion for an order directing service is, at this time, moot. If defendants do not agree to waive service, plaintiffs may re-file said motion or arrange for service in some other manner. *See* Fed.R.Civ.P. 4(d)(2).

### APPOINTMENT OF COUNSEL FOR KODEY MILLS

Plaintiff Kodey Mills correctly acknowledges that as a minor he cannot proceed *pro se* and that, as non-attorneys, neither his father nor grandfather can act on his behalf in this litigation. (Docket No. 2, at 4). *See* <u>Wenger v. Canastota Central School District</u>, 146 F.3d 123, 124-125 (2d Cir. 1998), *cert. denied*, 526 U.S. 1025 (1999); <u>Cheung v. Youth Orchestra Foundation of Buffalo</u>, 906 F.2d 59, 61 (2d Cir. 1990); Fed.R.Civ.P. 17(c).

In determining whether appointment of counsel is necessary in a *pro se* case brought by a party who is unable to represent himself because he is a minor or is otherwise incompetent, the court must consider whether, without appointment of counsel, the case on behalf of the minor child will go forward at all. Such a party will have no means of asserting his rights other than through counsel. If the infant or incompetent party is unable to retain private counsel and is also eligible for poor person status, the court must determine whether appointment of counsel would be in order. This does not mean that appointment of counsel is required

when it is clear that no substantial claim might be brought on behalf of such a party; appointment should only be made where the allegations raise a claim which is likely to be of substance. *See* Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). *See also* Cincotta v. New York City Human Resources Admin., 2001 WL 897176, at * 7, n.5 (S.D.N.Y. August 9, 2001) (citing *Wenger*, 146 F.3d at 125; Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)). *See also* Fed.R.Civ.P. 17(c)(2) ( "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor ... who is unrepresented in an action.) In *Wenger*, the Second Circuit remanded the matter to the district court for that court to determine whether under the predecessor to Rule 17(c)(2) counsel should be appointed for the child, and directed the district court to examine that issue pursuant to the standards utilized for determining whether to appoint counsel to an indigent person under 28 U.S.C. § 1915(e). *Id.*, 146 F.3d at 125.

Based on the allegations set forth in the first amended complaint the Court finds that the appointment of counsel for Kodey should be denied because the claims raised herein are not likely to be of substance. *See* Hodge, 802 F.2d at 61 (In determining whether to appoint counsel district judge should first determine whether the indigent's position seems likely to be of substance). In Overton v. Bazzetta, 539 U.S. 126 (2003), the United States Supreme Court addressed whether certain restrictions on inmates' visitation

privileges violated their constitutional rights. While neither holding nor implying "that any right to intimate association is altogether terminated by incarceration or is always irrelevant to claims made by prisoners," the Court nonetheless held that the regulations at issue would be upheld because they "b[ore] a rational relation to legitimate penological interests." *Id.*, at 131-32; *see also* <u>Hernandez v. McGinnis</u>, 272 F.Supp.2d 223, 227 (W.D.N.Y. 2003) (applying the four factor test set forth in <u>Overton</u> for determining whether a prison regulation affecting prisoners' constitutional rights survives a constitutional challenge, district held that a three year revocation of an inmate's visitation privileges based on a finding of guilt after a superintendent's hearing that concluded that the inmate hid a "shank" in his sneaker during a family visit, was not an unconstitutional infringement of the inmate's constitutional rights under First, Eighth and Fourteenth Amendments). "An inmate does not retain rights inconsistent with proper incarceration," and that "freedom of association is among the rights least compatible with incarceration." <u>Overton</u>, 539 U.S. at 131. *See also* <u>Thorne v. Jones</u>, 765 F.2d 1270, 1272-74 (5th Cir. 1985) (no First Amendment right to visitation); <u>Lynott v. Henderson</u>, 610 F.2d 340, 342 (5th Cir.1980) (stating that "[c]onvicted prisoners have no absolute constitutional right to visitation"); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir.1975) (holding that a "[prisoner] has no

constitutional right to physical contact with his family"); Ratigan v. Torqvac, 2009 WL 648931, at 25 (M.D.Pa. Mar. 11, 2009) (citing Young v. Vaughn, No. 98-C4630, 2000 WL 1056444, at *3 (E.D.Pa. July 1, 2000) (holding that there is no constitutionally protected right to prison visitation"); Calderon v. Lantz, No. 3:06CV969 (SRU), 2007 WL 2727149, at *2 (D.Conn., Sept. 18, 2007) (citations omitted); Saxon v. Goord, 06-CV-0826, 2007 WL 1695582 (W.D.N.Y. June 7, 2007) ("It is well-established that contact visits are a privilege for inmates, not a right[,]" and plaintiff has no liberty interest in contact visits) (citations omitted]; Midalqo v. Bass, No. 9:03-CV-1128 (NAM/RFT), 2006 WL 2795332, at * 16-17 (N.D.N.Y. Sept. 26, 2006) (There is no constitutional right to visitation for convicted prisoners, and their family members; "family visitations for inmates only constitute a privilege and not a right.") (Report and Recommendation adotped by District Judge) (citations omitted).

Moreover, even if there is a constitutional right to visitation, the denial of Kodey's visit this one time appeared *de minimus*. *See* Davidson v Chestnut, 193 F.3d 144, 150 (2d Cir. 1999) (citing Thaddeus-X v. Blatter, 175 F.3d 378, 397 (6th Cir. 1999) (holding that, to be actionable, retaliation against a prisoner must be likely to "chill a person of ordinary firmness from continuing to engage" in activity protected by the First Amendment); Crawford-El v. Britton, 93 F.3d 813, 826 (D.C.Cir. 1996) (*en banc*) (approving similar standard on the ground that

"some non-*de minimis* showing of injury is necessary"), *vacated on other grounds*, 523 U.S. 574 (1998).

Based on the case-law cited above, and recognizing that the Supreme Court has not determined expressly that inmates have no right to visitation, but clearly holding that "some curtailment of that freedom must be expected in prison context[,]" <u>Overton</u>, 539 U.S. at 131, this Court finds that Kodey's claims do not appear likely to be of substance[2] and therefore the appointment of counsel is simply not warranted. Accordingly, plaintiffs must inform the Court in writing no later than **April 1, 2010**, whether it has retained counsel on behalf of Kodey Mills and whom that counsel is. If plaintiffs do not so inform the Court of that information by that date, the Clerk of the Court is directed to dismiss Kodey

---

[2]The Court recognizes that under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) it must dismiss a claim of a party proceeding *in forma pauperis* or a prisoner if the claim fails to state a claim upon which relief can be granted. *See* <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007) (Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims.") (citing <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d Cir. 2004)). While plaintiffs' claims herein may appear to be of little merit, the Court finds that because of the Second Circuit's repeated admonitions to the district courts within its jurisdiction that *sua sponte* dismissals are draconian, <u>Benitez v. Wolff</u>, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*), and should be used "only in the most unsustainable of cases[,]'" <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 216 (2d Cir.2008), the Court deems it best to allow the complaint to proceed at this time and allow a response from defendants. *See, e.g.*, *Krebs v. Spitzer*, 2008 WL 2003582 (N.D.N.Y. May 7, 2008) (Report & Recommendation, U.S.M.J., D. Peebles) (Courts should exercise extreme caution in ordering *sua sponte* dismissal of a pro se complaint "before the adverse party has been served and both parties ... have had an opportunity to respond[.]") (citations omitted).

Additionally, because plaintiff Elmer Mills is neither proceeding *in forma pauperis* nor a prisoner, the Court could not screen his claims under 28 U.S.C. § 1915(e)(2)(B) or 1915A, so his claims would need to proceed to service in any event. *See* <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974) ("a district court may dismiss a complaint for lack of subject matter jurisdiction where the allegations are totally implausible, attenuated and insubstantial.").

7

Mills as a party to this action without further order or notice to plaintiffs.


## **ORDER**

IT HEREBY IS ORDERED, that plaintiff Kodey Mills' request to proceed *in forma pauperis* is granted and his application for the appointment of counsel (Docket No. 2) is denied;

FURTHER, that plaintiffs' application for an order directing service by the United States Marshals Service is denied as moot;

FURTHER, that plaintiffs must inform the Court in writing no later than **April 1, 2010**, whether it has retained counsel on behalf of Kodey Mills and whom that counsel is. If plaintiffs do not so inform the Court of that information by that date, the Clerk of the Court is directed to dismiss Kodey Mills as a party to this action without further order or notice to plaintiffs; and

FURTHER, that, in order to advise defendants of the filing of this action and this Decision and Order, the Clerk of the Court shall forward this Order by first class mail to the Assistant Attorney General in Charge, Main Place Tower, 350 Main Street, Suite 300A, Buffalo, New York 14202.

**SO ORDERED**.

_S/ MICHAEL A. TELESCA_
MICHAEL A. TELESCA
United States District Judge

Dated:     January 29, 2010
           Rochester, New York